

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Francis H. Henshaw
State Librarian
Austin, Texas

Dear Sir:                                    Opinion No. O-7132

                              Re: Authority of State
                                  Library to purchase
                                  microfilm copies of
                                  certain newspapers,
                                  and to microfilm
                                  newspapers in lieu
                                  of "binding" same
                                  as provided by
                                  Article 5441, R.C.S.

        Your request for opinion, which has been
received and considered carefully by this Department,
reads as follows:

        "The Texas Library and Historical Com-
mission at its meeting on February 18, 1946,
authorized the State Librarian to 'discontinue
binding of all newspapers for which microfilm
copies are available' and to take steps neces-
sary to procure suitable microfilm equipment
and arrange for its operation. This decision
was based on the following facts:

        "1. Microfilm is a legally accepted sub-
stitute for original material.

        "2. Microfilm gives a permanent record
(indefinitely renewable) bound newspapers,
being made of wood-pulp, deteriorate in twenty-
five to thirty-five years and become unusuable
and irreplaceable.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Francis H. Henshaw, Page 2

"3. Microfilm saves more than ninety percent storage space and is easily and inexpensively maintained and used -- bound newspapers require large areas for storage and are expensive to maintain and difficult to use.

"4. Microfilming is less expensive, considering total costs, than binding.

"In other words, microfilming and binding are essentially the same in purpose -- preservation of valuable material -- but microfilming is the more desirable process.

"Funds to carry out the authorization should come from either or both of the two following accounts:

"1. Our account titled 'Binding, repairs, preparation for binding'. Beside payment for actual binding, this fund has been and is being used for payment of salary of a book repairer who also prepares newspapers for binding.

"2. Our account titled 'Gathering historical data'. Besides payment for historical material including microfilm, this fund has been and is being used to purchase equipment necessary to use said microfilm.

"Would it be permissible to use either or both of the above funds for the following purposes:

"1. Purchase of microfilm copies of newspapers from publishers now microfilming their own issues.

"2. Purchase of equipment necessary to microfilm newspapers not now filmed by their publishers.

"3. Salary of an operator to do such filming.

601

"4. Equipment necessary to use said microfilm."

Before we can answer your specific questions, it is necessary first to consider the authority of the Texas Library and Historical Commission. The Commission is created and its powers and duties defined by Title 89 of the Statutes (Articles 5434 - 5446, inc.) The purpose of the Commission is stated in Article 5435 to be to "control and administer the State Library, adopt and enforce reasonable rules and regulations governing its administration and control, . . . preserve, classify and publish the manuscript archives and such other matters as it may deem proper." Article 5440 authorizes the Commission to elect a State Librarian, whose duties are defined by Article 5441. These duties, according to the statute, are to be exercised "under the direction of said Commission". In addition to the enumerated duties, he is required to perform "such other duties as said Commission may assign him". Section 3 of this statute provides in part as follows:

"3. He shall endeavor to collect all manuscript records relating to the history of Texas. . . . He shall endeavor to complete the files of the early Texas newspapers in the State Library; and he shall cause to be bound the current files of not less than ten of the leading newspapers of the State and the current files of not less than four leading newspapers of other states, and of as many county papers, professional journals, denominational papers, agricultural papers, trade journals and other publications of this State as may seem necessary to preserve in the State Library an accurate record of the history of Texas." (Emphasis ours).

It is the opinion of this Department that the words "cause to be bound" mean "binding" in the conventional sense, and will not permit the substitution of microfilming. Section 3 of Article 5441 was enacted in

Honorable Francis H. Henshaw, Page 4

1909 (Acts 1909, p. 122, Ch. 70) and the words used must be given the meaning as then used and understood. Microfilming is a process of most recent origin and obviously could not have been contemplated by the Legislature at the time of enacting this section. Furthermore, the Commission, since the time of enactment, has construed this provision to mean binding in book form, and under the familiar rule of law, long-continued contemporaneous and practical interpretation of a statute by the officers charged with its administration will be given great weight in determining the meaning of a statute.  2 Horack's Sutherland Statutory Construction 512, Sec. 5103.

This opinion is strengthened by the fact that the Legislature has considered legislation necessary to permit microfilming as a substitute for the maintenance of the originals of certain records of the State Highway Department.  (Acts 1945, p. 57, Ch.39)

For the reasons stated, it is our opinion that the Commission has exceeded its rule-making power in directing the discontinuance of "binding" of the newspapers required by Article 5441 to be kept and bound.  The rule-making power does not include the making of rules in direct contravention of a statute.

It is our further opinion that neither your account entitled "Binding, repairs, preparation for binding" nor the one entitled "Gathering historical data" can be used for any of the purposes inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 25 1946

FIRST ASSISTANT
ATTORNEY GENERAL

By Arthur L. Moller
Arthur L. Moller
Assistant

AIM:ms

